UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAGHAM BAJOUA,<br><br>                              Plaintiff,<br><br>v.<br><br>HOBBY LOBBY STORES, INC, et al.,<br><br>                              Defendant. | Case No.: 3:20-cv-01458-MMA-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER; and**<br><br>**(2) SETTING EARLY MANDATORY SETTLEMENT CONFERENCE**<br><br>[ECF No. 15] |

This matter comes before the Court on the Joint Motion to Amend Scheduling Order, filed by Defendant Hobby Lobby Stores, Inc. ("Defendant") on March 24, 2021. ECF No. 15. Although the filing is styled as a joint motion, Defendant clarifies that Plaintiff "does not oppose but has not stipulated to" the request therein. *Id.* at 3. Specifically, Defendant requests that the Court continue certain dates in the case schedule by 60-90 days, to facilitate the parties' attendance at a further settlement conference with the Court approximately 30 days after Plaintiff's deposition, which is scheduled for March 29, 2021. *Id.* at 2-3. Defendant asserts there is good cause to grant the requested continuance, because the extension will provide the parties additional time to pursue settlement before incurring fees and costs associated with additional fact and expert discovery, including neurological and neuropsychological examinations of Plaintiff that Defendant wishes to take.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

The Court finds that the reasons proffered by Defendant for extending the case schedule constitute good cause to **GRANT** the Joint Motion, particularly in light of Plaintiff's stated non-opposition to the request. Accordingly, the Court **SETS** an early Mandatory Settlement Conference ("MSC") to take place **via videoconference** on **April 28, 2021** at **9:30 a.m.** To facilitate the MSC as a videoconference, the Court

**ORDERS** the parties to adhere to the following mandatory procedures:

(1) The Court will use its official Zoom video conferencing account to hold the MSC. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[1] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[2] There is a cost-free option for creating a Zoom account.

(2) Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **April 12, 2021**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **April 19, 2021**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **April 23, 2021**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlem

---

[1] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[2] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

ent%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than [10 days before MSC].  The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

(3)    No later than **April 23, 2021**, each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing:

a.  the **name and title of each participant**, including party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

b.  an **e-mail address for each participant** to receive the Zoom videoconference invitation; and

c.  A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

(4)    Prior to the start of the MSC, the Court will email each participant an invitation to join a Zoom videoconference. Again, if possible, participants are encouraged to use laptops or desktop computers for the videoconference, as mobile devices often offer inferior performance. Participants shall join the videoconference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation.

(5)     Each participant should plan to join the Zoom videoconference **at least five minutes before** the start of the MSC to ensure that the conference begins promptly.

(6)     All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person, i.e., cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the videoconference.

The Court further **AMENDS** the Scheduling Order as follows:

1.     All fact discovery must be completed by all parties by **July 12, 2021**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.  If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply**

**with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. The parties must designate their respective experts in writing by **June 28, 2021**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be by **July 26, 2021**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

3. By **July 20, 2021**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **August 20, 2021**.

5. All expert discovery must be completed by all parties by **October 11, 2021**. The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All dispositive pretrial motions, including motions for summary judgment and

motions addressing *Daubert* issues, must be filed by **November 15, 2021**.[3] Counsel for the moving party must obtain a motion hearing date from Judge Anello's law clerk. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

8. If appropriate, following the filing of an order ruling on a motion for summary judgment or other dispositive pretrial motion, or in the event no such motion is filed, after the expiration of the deadline set forth in paragraph 7, supra, Judge Anello will issue a pretrial scheduling order setting a pretrial conference, trial date, and all related pretrial deadlines. The parties must review and be familiar with Judge Anello's Civil Chambers Rules, which provide additional information regarding pretrial scheduling.

9. A second MSC will be conducted on **February 1, 2022** at **2:00 p.m.** in the chambers of Magistrate Judge Allison H. Goddard. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **January 11, 2022**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **January 18, 2022**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **January 24, 2022**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **January 24, 2022**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference

---

[3] This deadline is not applicable to pretrial motions *in limine*. For further information regarding motions *in limine*, please refer to Judge Anello's Civil Chambers Rules.

Statement and any Confidential Settlement Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (linked above).

10. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated: March 26, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge